IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-OA5, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-OA5, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LEN C. PERRY JR., an individual; NATHAN JON LEWIS, an individual; and 3925 KAMEHAMEHA RD PRINCEVILLE, HI 96722, LLC, a Hawaii limited liability corporation,<br><br>Defendants. | CIVIL NO. 17-00297 DKW-RLP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTER-COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

The Bank of New York Mellon ("BONY Mellon"), fka The Bank of New York, seeks dismissal of the Amended Counter-Complaint filed by Defendants Len C. Perry, Nathan J. Lewis, and 3925 Kamehameha Rd Princeville, HI 96722, LLC (the "LLC"). Although not entirely clear, Defendants appear to allege

1

counterclaims sounding in fraud, in response to Plaintiff's attempt to set aside certain false liens and other fraudulent documents recorded by Defendants relating to real property on Kauai. Because it is difficult to discern any cognizable claims for relief in the Amended Counter-Complaint, and any mention of statutory or common law causes of action lack plausible, supporting factual allegations, Plaintiff's Motion to Dismiss is GRANTED. Defendants are permitted limited leave to file a further amended counter-complaint in accordance with the terms of this order, no later than December 29, 2017, with instructions below.

## BACKGROUND

### I. Procedural Background

Plaintiff filed this action on June 21, 2017, seeking cancellation of certain instruments based on Defendants' alleged improper and fraudulent recordings in the land records relating to Plaintiff's title to real property, including deeds purporting to convey title to Defendants. *See* Compl., Dkt. No. 1. It asserts claims against Defendants for cancellation of instruments, quiet title, slander of title, unjust enrichment, and declaratory judgment. Compl. ¶¶ 39–93. On August 2, 2017, Defendant Nathan Jon Lewis, proceeding pro se, filed an Answer, in which Lewis attempted to respond to the Complaint on behalf of all Defendants. 8/2/17 Answer, Dkt. No. 17. Lewis purported to "act[] as Trustee for the Len C. Perry, Jr. account," as "the authorized Trustee [with] a Special Power of attorney over this matter to

represent Len C. Perry, Jr. [] as his agent." 8/2/17 Answer, ¶¶ A, K. Lewis also avers that he is "the sole member of 3925 Kamehameha Rd Princeville HI 96722, LLC." *Id*. ¶ L.[1] With their Answer, Defendants filed a "Counter Complaint" against BONY Mellon, alleging violations of numerous federal and state statutes, and seeking dismissal of the Complaint, summary judgment, and costs. 8/2/17 Counter-Complaint, Dkt. No. 17-1.

Defendants then filed their "Amended Counter-Complaint for Collusion, Conspiracy and Fraudulent Misrepresentation" on August 21, 2017, again seeking dismissal of Plaintiff's Complaint, summary judgment in favor of Defendants, and "full restitution of lien claim," which in turn references UCC-1 financing statements recorded by Defendants in the Hawaii Bureau of Conveyances.[2] Dkt. No. 19. According to Plaintiff, these UCC-1 statements falsely identified Plaintiff as a debtor. *See generally* Compl. As best the Court can discern, Defendants assert

---

[1] In the Amended Counter-Complaint, Lewis claims to be the "Secured party creditor of, and [to] have trademarked the name NATHAN JON LEWIS," and to be "a trustee over the foreclosed property located at 3925 Kamehameha Rd Princeville HI 96722." Am. Counter-Compl. ¶¶ 11, 13.

[2] A Uniform Commercial Code Financing Statement is a legal form that a creditor files to give notice that the creditor has a security interest in the personal property of a debtor, and is generally filed with a state agency where the debtor resides to "perfect" the creditor's security interest in the debtor's property. *See United States v. Halajian*, 2014 WL 4968287, at *1 (E.D. Cal. Sept. 29, 2014) ("The filing of a UCC–1 Statement creates a lien against the debtor's property and also establishes priority in case of debtor default or bankruptcy. To file a UCC–1 Statement, a debt must be owed to the filer and the debtor must authorize the filing of the UCC–1 Statement."). Courts in this circuit have routinely granted declaratory relief to expunge sham liens filed against government officials. *See, e.g.*, *United States v. Marty*, 2011 WL 4056091, at *8 (E.D. Cal. Sept.12, 2011) (sham UCC Financing Statements filed against IRS and Department of Justice officials held null, void, and of no legal effect).

counterclaims based upon their claimed right to ownership of the subject property, stemming from Plaintiff's failure to respond to Defendant's "Good Faith Tendered Offer" to purchase the property.  Am. Counter-Compl. ¶ 31.  Defendants deemed Plaintiff in default and indebted to Defendants by "Silent Acquiescence."  Am. Counter-Compl. ¶ 32.  To enforce their supposed debt, Defendants then "foreclosed" on the property and claim that title was somehow transferred to them during a purported non-judicial foreclosure proceeding because Perry "perfected a lien on the mortgage," and Plaintiff "forfeited the entirety based on tac [sic] procurement and silent acquiescence."  Am. Counter-Compl. Ex. B at 7, Dkt. No 19-4.  Defendants' Bill of Particulars lists "recommended penalties" for nineteen separate violations of the United States Code, including, for example: treason ($250,000); attempted slavery ($250,000); attempted genocide ($1,050,000); misprision of felony ($500); attempted extortion ($5,000); perjury and suborning perjury ($2,000 each); civil racketeering ($25,000); and criminal racketeering ($250,000).  Am. Counter-Compl. Ex. A, Dkt. No. 19-2.

## II. <u>Plaintiff's Motion To Dismiss</u>

BONY Mellon moves to dismiss the Amended Counter-Complaint because it fails to state a claim for relief or, alternatively, it seeks a more definite statement under Federal Rule of Civil Procedure 12(e).  It argues that the Amended Counter-Complaint fails to provide Plaintiff with notice of any legal claims, and

4

instead, Defendants purport to bring causes of action for "Dismissal with Prejudice," "Summary Judgment," and "Full Restitution of Lien Claim in Full," none of which are viable claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

Because Defendants are proceeding pro se, the Court liberally construes their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## **DISCUSSION**

Upon review of the Amended Counter-Complaint, the Court finds that, even liberally construed, Defendants fail to state any basis for judicial relief against BONY Mellon. Defendants' pleading is largely incoherent, and to the extent the Court can ascertain any claim, Defendants fail to provide sufficient factual content to enable the Court to draw the *reasonable* inference that BONY Mellon is liable for the misconduct alleged. In short, even accepting the truth of the limited, factual

allegations, the Amended Counter-Complaint fails to state a claim to relief that is plausible on its face. Plaintiff's Motion is therefore granted with Defendants given limited leave to amend, consistent with the instructions below.

## I. The Amended Counter-Complaint Fails To State A Claim

As detailed more fully below, the allegations in the Amended Counter-Complaint are insufficient, consisting largely of conclusory statements, without necessary factual support.[3] Defendants specifically allege the following scheme to defraud by BONY Mellon—

> 31. The Counter Defendants did not send our Good Faith Tendered Offer back and therefore used the benefit of the instrument for their gain.
>
> 32. Counter Defendants then accepted all of the other correspondences without any kind of rebuttal, rejection or any communication therefore acquiescence (Silent Acquiescence).
>
> 33. The Counter Defendants kept our Good Faith tendered negotiable instruments without a proper transfer of Property title in accordance with the law.
>
> 34. The Counter Defendants used the benefit of our negotiable instruments in a loan hypothecation scheme intended to defraud the certificate holders of the securitization mortgage pass-through trusts they represent.

---

[3]Beyond implausibility, several portions of the pleading are patently frivolous. For example, Defendants' nonsensical theories of collusion and conspiracy regarding (1) the "fictitious" use of names by Plaintiff's counsel, based on their use of middle initials, and (2) counsel's alleged certification failures under the "Foreign Agents Registration Act," are wholly without merit. *See* Am. Counter-Compl. ¶¶ 16–22.

Am. Counter-Compl. ¶¶ 31-34.

The Amended Counter-Complaint suffers from several deficiencies. First, the pleading (complete with voluminous exhibits) does not comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996). Defendants do not clearly identify in any coherent or meaningful manner the basis for their claims, nor provide specific factual allegations to support their bare legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern the actual conduct on which the majority of their purported claims are based.

Second, to the extent Lewis or Perry attempt to allege violations of federal constitutional rights, each fails to state a Section 1983 claim.[4] In order to state a

---

[4]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution

8

claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). They allege neither.[5] Although pro se pleadings are liberally construed, a party must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the instant pleading fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, Defendants' constitutional claims must be dismissed.

Third, no private right of action exists to enforce criminal statutes, and private individuals have no authority to seek an indictment or to bring a civil action for violations of the criminal code, including 18 U.S.C. §§ 241 and 242, or any of the other criminal statutes itemized by Defendants. A civil action is not the proper mechanism to allege the criminal conduct catalogued in Defendants' Bill of Particulars. *See Kumar v. Naiman*, 2016 WL 397596, at *2 (E.D. Cal. Feb. 2, 2016)

---

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

[5]They do not specify any right that was allegedly violated, other than a general averment that Plaintiff and its attorneys "intended to obstruct justice and deny us, the Counter Plaintiffs, our lawful due processes under law," and colluded "in an attempt to deprive us, the Counter Plaintiffs, of our rights to life, liberty and the pursuit of happiness guaranteed to us as Nationals of the United States of America." Am. Counter-Compl. ¶¶ 19, 21. Defendants also fail to allege how, or even if, Plaintiff acted under color of state law.

("[P]laintiffs, as private citizens, have no standing to prosecute criminal claims."). To be clear, the Court does not have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case). Defendants' laundry list of additional federal and state statutory violations fares no better.[6]

Finally, Defendants' fraudulent misrepresentation claims are neither adequately pled under Federal Rule of Civil Procedure 9(b) nor factually supported by plausible averments. Defendants allege in conclusory fashion that—

> A). The Counter Defendant's knowingly negotiated a debt claim of the foreclosed property at 3925 Kamehameha Rd. in Princeville Hawaii and still brought forth a claim against us.
>
> B). Their complaint towards us is false.

---

[6]Defendants list several statutory causes of action throughout the body of the pleading or in various exhibits, *see* Am. Counter-Compl. ¶¶ 35–41, Exs. A–D, but do not include them in the section listing Causes of Action, or provide relevant factual details supporting the legal conclusions. For example, Defendants entirely fail to state a claim under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based on their allegation that BONY Mellon "knowingly and intentionally filled [sic] a false claim against us[,] this erroneous Complaint . . . is full of false accusations, lies and slanderous insinuations tarnishing the names and reputations of two fine and law-abiding Nationals[.]" Am. Counter-Compl. ¶ 35. Other claims are conclusorily alleged in the pleading, including references to "R.I.C.O." or "racketeering." *See* Am. Counter-Compl. ¶ 37. However, "to prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)). Defendants' conclusory allegations fall far short of meeting those standards. Moreover, they fail to state an affirmative claim for relief against BONY Mellon under HRS Chapter 651C relating to fraudulent transfers.

> C). The Counter Defendant's knew that we negotiated the instruments (of the property).
>
> D). Obviously the Counter Defendants are relying on their false statements and actions.
>
> E). We did rely[] on the false representation that the Counter Defendants claimed to have an interest in our Property.
>
> F). We Counter Plaintiffs have suffered harm as a result of the Counter Defendant's fraudulent misrepresentation.

Am. Counter-Compl. ¶ 25. Rule 9(b) requires that, when fraud or mistake is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). A plaintiff must also explain why the alleged conduct or statements are fraudulent. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) (en banc), *superseded by statute on other grounds by* 15 U.S.C. § 78u-4. Defendants do not properly allege the circumstances that constitute fraudulent conduct by BONY Mellon, such as the

times, dates, places, or other details of the alleged fraudulent activity. *Neubronner*, 6 F.3d at 672. The legal conclusions provided are simply insufficient.

Fraud claims must additionally be pled consistent with state law. In Hawaiʻi—

> Fraud and fraudulent misrepresentation share the same elements. *Compare Fisher v. Grove Farm Co.*, 123 Haw. 82, 103, 230 P.3d 382, 403 (Haw. Ct. App. 2009) (stating the elements of a fraud claim) *with Ass'n of Apartment Owners*, 115 Haw. at 263, 167 P.3d at 256 (stating the elements of a fraudulent misrepresentation claim). Like fraudulent misrepresentation, the elements of fraud are "1) false representations made by the defendant, 2) with knowledge of their falsity (or without knowledge of their truth or falsity), 3) in contemplation of plaintiff's reliance upon them, and 4) plaintiff's detrimental reliance." *Fisher*, 123 Haw. at 103, 230 P.3d at 403.

*Prim Liab. Co. v. Pace-O-Matic, Inc.*, 2012 WL 263116, at *8 (D. Haw. Jan. 30, 2012). Defendants' bare legal conclusions devoid of factual enhancement fall far short of the particularity required by Rule 9(b) for averments of fraud, and, moreover, fail to state a plausible claim for relief. Fraud claims, "in addition to pleading with particularity, also must plead plausible allegations. That is, the pleadings must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'" *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). Even assuming the truth of

Defendants' allegations, rather than their legal conclusions, the Amended Counter-Complaint fails to state a claim for fraud.

For these reasons, Defendants fail to state a claim, and the Amended Counter-Complaint is hereby DISMISSED. Because amendment *may* be possible with respect to the claims sounding in fraud, Defendants are granted limited leave to attempt to cure the deficiencies noted in this order.

## II. Representation Issues: Lewis May Not Represent Other Parties

The Court next addresses representation issues raised by Lewis, a non-attorney appearing pro se, filing pleadings or other papers on behalf of Perry and/or the LLC. Although "parties may plead and conduct their own cases personally," *see* 28 U.S.C. § 1654, "the right to proceed pro se in civil cases is a personal right" and a person appearing pro se has no authority to represent others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Hou 1778 Hawaiians v. United States Dep't of Justice*, 2016 WL 335851, at *3 (D. Haw. Jan. 27, 2016); *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (citations and quotation marks omitted).

Lewis is cautioned that he may not represent Perry under a "Special Power of Attorney," or as his duly "authorized Trustee," or "agent." *See In re Foster*, 2012

WL 6554718, *5 (9th Cir. B.A.P. Dec. 14, 2012); *Barker v. JP Morgan Chase Bank*, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016) (citation and quotation marks omitted) ("[T]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney."); *Harris v. Philadelphia Police Dep't*, 2006 WL 3025882, *3 (E.D. Pa. 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); *Hale Joy Tr. v. C.I.R.*, 57 F. App'x 323, 324 (9th Cir. 2003) ("A non-attorney trustee may not represent a trust pro se in an Article III court."). Perry may continue to represent only himself in this matter, which he now appears to have undertaken.[7]

Nor may Lewis or Perry appear on behalf of the LLC. *See* Local Rule 83.11 ("[b]usiness entities, including but not limited to . . . limited liability corporations . . . cannot appear before this court pro se and must be represented by an attorney"); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal

---

[7] On August 23, 2017, BONY Mellon filed a Motion to Strike Answer of Defendants Len C. Perry and 3925 Kamehameha Rd Princeville, HI 96722, LLC ("Motion to Strike") because, as a non-attorney, Lewis is unable to represent Perry in this lawsuit or otherwise file documents on Perry or the LLC's behalf. Dkt. No. 20. On October 20, 2017, the Court granted BONY Mellon's Motion to Strike. Dkt. No. 33 (adopting Findings and Recommendation). On October 13, 2017, while that Motion to Strike was pending, Perry proceeded to file his own Answer. Dkt. No. 30.

14

courts only through licensed counsel."); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) ("The general rule, widely recognized in federal and state courts, is that a corporation can appear only through an attorney.").

To be clear, Lewis, proceeding pro se, cannot represent Defendants Perry or the LLC in this civil action.

### III. <u>Defendants Are Granted Limited Leave To Amend</u>

The Court GRANTS Defendants limited leave to file a further amended counterclaim to attempt to cure the deficiencies noted herein, consistent with the terms of this order, by **December 29, 2017**. If Defendants choose to file an amended counterclaim, they are CAUTIONED that they must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Defendants believe was violated; (3) the name of the party who violated that right; (4) exactly what that the other party did or failed to do; (5) how the action or inaction of that party is connected to the violation of Defendants' rights; and (6) what specific injury each party suffered because of another party's conduct. Defendants must repeat this process for each person or entity named. If Defendants fail to affirmatively link the conduct of each named party with the specific injury suffered, the allegation against that party will be dismissed for failure to state a claim.

15

An amended pleading generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. Defendants need not re-allege any claims dismissed with prejudice, as these claims are preserved for any future appeal. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal.").

The amended counterclaim must designate that it is the "Second Amended Counterclaim" and may not incorporate any of the prior counter-complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Defendants may include only one claim per count.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is GRANTED. Dkt. No. 23. Defendants are granted limited leave to file an amended counterclaim in accordance with the terms of this order by no later than **December 29, 2017**.

IT IS SO ORDERED.

DATED: November 27, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*The Bank of NY Mellon v. Perry et al.*, Civil No. 17-00297 DKW-RLP; **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTER-COMPLAINT WITH LEAVE TO AMEND**