IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-OA5, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-OA5,<br><br>    Plaintiff,<br><br>    vs.<br><br>LEN C. PERRY JR., NATHAN JON LEWIS, and 3925 KAMEHAMEHA RD PRINCEVILLE, HI 96722, LLC,<br><br>    Defendants. | Case No. 17-cv-00297 DKW-RLP<br><br>**ORDER AWARDING DAMAGES TO AND DIRECTING THE ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF** |

On September 11, 2018, this Court granted Plaintiff The Bank of New York Mellon's motion for summary judgment on its claims for quiet title and slander of title, and request for declaratory relief against Defendants Len C. Perry, Nathan J. Lewis, and 3925 Kamehameha Rd Princeville, HI 96722, LLC ("the LLC," and, together with Perry and Lewis, "Defendants"). Thereafter, Plaintiff stipulated to the dismissal of its other causes of action and, during a status conference, the

parties agreed to submit the sole remaining issue of damages on the briefs. Those briefs (including supplemental filings) have now been submitted. Because Plaintiff has established its entitlement to damages, the Court awards damages as set forth below. In addition, Perry and Lewis have each filed motions to dismiss and motions to clarify the September 11, 2018 Order. Because Perry and Lewis have failed to show that this case should be dismissed or that the September 11, 2018 Order requires clarification, those motions are denied.

## **DAMAGES**[1]

Plaintiff seeks damages on the slander of title claim for which it was granted summary judgment. Dkt. No. 95 at 2-9. In Hawaii, the common law tort of slander of title requires a party to establish "special damages" proximately resulting from a slander of title. *Isobe v. Sakatani*, 279 P.3d 33, 42-43 (Haw. Ct. App. 2012) (citing 50 Am. Jur. 2d *Libel and Slander* § 530 (2006); *B&B Inv. Grp. v. Gitler*, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998)). Although the Hawaii courts have not extensively discussed the damages recoverable in an action for slander of title, the authorities to which the *Isobe* court cited provide some illumination. Specifically, attorney's fees and lost rent, both of which Plaintiff seeks here, are

---

[1] The Court adopts the factual and procedural background set forth in the September 11, 2018 Order.

recoverable. *See* 50 Am. Jur. 2d *Libel and Slander* § 534 (explaining that a plaintiff may recover "the attorney's fees incurred in removing the cloud upon the plaintiff's property title."); *B&B Inv. Grp.*, 581 N.W.2d at 20 (stating that special damages include loss of rent). In their initial and supplemental oppositions, Dkt. Nos. 96, 99, 109, 111,[2] neither Perry nor Lewis challenge the principle that a plaintiff is entitled to attorney's fees or lost rent as special damages in a slander of title claim if those damages are proven. As a result, for purposes of this case, the Court finds that Plaintiff may recover the attorney's fees it has incurred and the rent it has lost as a result of Defendants' slander of title.

In its damages brief, Plaintiff seeks $126,500 in lost rent and $34,687.75 in attorney's fees, for a total of $161,187.75 in special damages. In their initial oppositions, Dkt. Nos. 96, 99, neither Perry nor Lewis challenge Plaintiff's calculation of the amount of damages to which it is purportedly entitled or whether the purported damages proximately resulted from their slander of title. In their supplemental oppositions, however, Perry and Lewis, in near identical fashion,

---

[2]Lewis has filed two almost identical supplemental oppositions, Dkt. Nos. 110, 111, one of which is unsigned, Dkt. No. 110. The Court, therefore, only refers to the signed version, Dkt. No. 111.

argue that Plaintiff is not entitled to lost rent. The Court addresses those arguments below.

Turning to attorney's fees first, although Perry and Lewis do not challenge Plaintiff's calculation of its attorney's fees, the Court nevertheless finds that Plaintiff has established its entitlement to damages for attorney's fees. Plaintiff asserts that it has been represented by two law firms, lead counsel in California and local counsel in Hawaii, and, in total, those firms have spent 154.9 hours in bringing this case. The total number of hours spent on bringing this case is supported by the Declaration of Neeru Jindal, Dkt. No. 95-7 at ¶¶ 9-10, and the amount of attorney's fees Plaintiff has incurred in bringing this case is supported by the same Declaration as well as by an exhibit listing the amounts paid on various invoices to Plaintiff's lead counsel, *see id.* at ¶ 5; Dkt. No. 95-6.[3] Because Perry and Lewis do not challenge these amounts in any way, the Court finds that they are sufficiently supported by the record presented, and further finds that Plaintiff is entitled to $34,687.75 in special damages for attorney's fees incurred in bringing this case.

---

[3]More specifically, with respect to the exhibit, the amount of attorney's fees incurred is supported by adding the total of the numbers in the "Net" column through the October 4, 2018 "Invoice Date." *See* Dkt. No. 95-6.

With respect to lost rent, Plaintiff asserts that the fair market rental value of the real property at 3925 Kamehameha Road, Princeville, Hawaii ("the Property")–the property at issue in this case–was $5,000 per month from November 9, 2016 through May 31, 2018, and $5,500 per month from June 1, 2018 through December 1, 2018. These assertions are supported by the Declaration of Donna Holevoet, a broker with "first-hand knowledge" of the real estate market in Princeville, Hawaii. *See* Decl. of Donna Holevoet at ¶¶ 1, 7, 9, 10, Dkt. No. 95-1.

In their initial oppositions, Perry and Lewis made no challenge to Ms. Holevoet's representations of the fair market rental value of the Property or her qualifications to do so. In their supplemental oppositions, Perry and Lewis still do not challenge Ms. Holevoet's qualifications, but they do (in a roundabout way) challenge the fair market rental value of the Property. More specifically, Perry and Lewis both argue that, when they took possession of the Property, it was not in rentable condition, they invested over $65,000 and 1,000 man hours in the Property, and they increased the value of the Property by $1 million. Other than purported pictures of the Property before and after they took possession, though, Perry and Lewis provide no evidence for their assertions. In addition, the assertions do not refute Ms. Holevoet's statements that, on November 9, 2016, the

fair market rental value of the Property was $5,000. Moreover, the Court has already found that Plaintiff is the owner of the Property and Perry and Lewis have no valid legal claim to the same. Dkt. No. 64 at 11-14. In that light, the purported fact that they invested capital in a property without consent and to which they did not own can only be considered folly.

This leaves the amount of rent Plaintiff has lost as a result of Defendants' slander of title. Plaintiff asserts that the total amount of lost rent is $126,500. If the fair market rental values provided by Ms. Holevoet are multiplied by the days and months from November 9, 2016 through December 1, 2018, Plaintiff is correct that the total equals $126,500.[4] However, because it was not clear from Plaintiff's damages brief as to what evidence in the record it was relying to support the contention that it was unable to collect rent on the Property beginning November 9, 2016, the Court ordered supplemental briefing on that matter. In its supplemental response, Plaintiff relies on a Supplemental Declaration of Ms. Holevoet. Dkt. Nos. 108, 108-1. In her Supplemental Declaration, Ms. Holevoet states that Plaintiff retained her in June 2015 to market the Property for

---

[4]The calculation is essentially: ($5,500 multiplied by 6−for the months of June 2018 through November 2018) plus ($5,000 multiplied by 18−for the months of December 2016 through May 2018) plus $3,500 (for the 21 days left in November 2016 following the ninth of that month).

sale, she conducted weekly walkthroughs of the Property, during her walkthrough on September 27, 2016, she noticed that the lockbox had been removed and the locks changed, and, at around the same time, she discovered that utility services had been changed from her company's name. Suppl. Decl. of Donna Holevoet at ¶¶ 7-9, Dkt. No. 108-1. Ms. Holevoet further states that, following her October 3, 2016 walkthrough, she noted that the Property had been removed from the market, utilities had been transferred, and there had been a purported substitution of the trustee. *Id*. at ¶ 10. In addition, following her November 28, 2016 walkthrough, Ms. Holevoet recorded that there was a no trespassing sign on the front door of the Property and papers had been posted stating that there had been a full reconveyance. *Id*. at ¶ 11. Ms. Holevoet further states that Lewis began renting the Property at least by January 2017. *Id*. at ¶¶ 12-15. In light of this evidence, including the changing of locks in September 2016 and Lewis' renting of the Property, the Court finds that as of at least November 9, 2016, Plaintiff was unable to rent the Property due to Defendants' activities connected to the slandering of its title and those damages continued through December 1, 2018.

In their supplemental oppositions, Dkt. Nos. 109, 111, the only argument Perry and Lewis make as to why Plaintiff should not be awarded damages for lost rent is that, because Plaintiff is not registered to do business in Hawaii and because

collecting rent is doing business, Plaintiff could not have collected the rent it purportedly lost. Perry and Lewis, though, provide no legal support for this argument. Moreover, given that Ms. Holevoet has stated that Plaintiff retained her and she has been a licensed real estate broker in Hawaii since 2001, *see* Holevoet Suppl. Decl. at ¶¶ 3, 7, Perry and Lewis' argument is of little merit, *see* Haw. Rev. Stat. § 467-1 (providing that a real estate broker is any person who, *inter alia*, "leases or offers to lease, or rents or offers to rent, or manages or offers to manage, any real estate, or the improvements thereon, for others, as a whole or partial vocation").

As a result, the Court finds that Plaintiff is entitled to $126,500 in special damages for lost rent due to Defendants' slander of title to the Property. When combined with the special damages for attorney's fees incurred in bringing this case, the Court finds that Plaintiff is entitled to a total damages award of $161,187.75.

## Perry and Lewis' Motions

At the same time as filing their initial oppositions to Plaintiff's damages brief, Perry and Lewis also each filed separate motions to dismiss and motions to clarify the September 11, 2018 Order. Dkt. Nos. 97, 98, 100, 101.

As for the motions to clarify the September 11, 2018 Order, Dkt. Nos. 98, 101, Perry and Lewis do not identify anything in the September 11, 2018 Order that requires clarification. As a result, the motions to clarify are DENIED.

As for the motions to dismiss, Dkt. Nos. 97, 100, Perry and Lewis, in identical fashion, argue that this case should be dismissed because Plaintiff is not a Delaware corporation and is a non-existent entity. To the extent Perry and Lewis make this argument in an attempt to challenge the substantive merits of Plaintiff's claims, it is now far too late for them to do so, given that the time to file dispositive motions expired long ago. *See* Dkt. No. 32 (setting the dispositive motion deadline for May 23, 2018). To the extent Perry and Lewis' argument can be construed as challenging the subject matter jurisdiction of this Court because the same is premised upon diversity, the Court rejects such an argument. Although Perry and Lewis appear to accurately assert that, contrary to the Complaint, Plaintiff is not a Delaware corporation, the Complaint also alleged that Plaintiff is headquartered in and is a citizen of New York. *See* Compl. at ¶ 1, Dkt. No. 1; *see also* Dkt. No. 106 (acknowledging that Plaintiff is not a Delaware corporation). Perry and Lewis do not challenge Plaintiff's New York citizenship in their motions to dismiss. As a result, because Plaintiff is a citizen of a State different from the

citizenship of all Defendants, this Court still has subject matter jurisdiction over this case based on diversity.

For these reasons, the motions to dismiss are DENIED.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff is awarded damages in the total amount of $161,187.75. Perry and Lewis' Motions in Opposition, Dkt. Nos. 96, 99, Motions to Dismiss, Dkt. Nos. 97, 100, and Motions to Clarify Order Granting Plaintiff's Motion for Summary Judgement, Dkt. Nos. 98, 101, are DENIED.

The Clerk is ORDERED to enter Judgment in favor of Plaintiff in the amount of $161,187.75, and then close this case.

IT IS SO ORDERED.

DATED: January 22, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*The Bank of New York Mellon v. Perry et al.*, Case No. 17-cv-00297 DKW-RLP; **ORDER AWARDING DAMAGES TO AND DIRECTING THE ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF**